IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BARBARA LITTLE,
surviving spouse of Samuel Little,
CHARLES LITTLE, surviving son of Samuel
Little, SAMUEL R. LITTLE, surviving son
of Samuel Little, GLENDON JACKSON LITTLE,
surviving son of Samuel Little,
ROBBIE LITTLE SPILLERS, daughter of deceased son,
Robert Little, son of Samuel Little,
CINDY LITTLE, daughter of deceased son,
Robert Little, son of Samuel Little,
GAIL LITTLE POWERS, daughter of deceased son,
Robert Little, son of Samuel Little,
heirs at law of Samuel Little, deceased,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
MEMPHIS VA MEDICAL CENTER,

    Defendants.

Docket No.:_____
JURY DEMANDED

---

## COMPLAINT

---

### INTRODUCTION

This is a loss of consortium claim brought by Plaintiffs, as next of kin and heirs at law of Samuel Little. This loss of consortium claim is a derivative claim based on the healthcare liability action previously filed in Federal Court on behalf of Samuel Little, deceased, Docket Number 2:12-cv-02228. Prior to the instant filing, of the loss of consortium claims of Plaintiffs, they were brought as part of the healthcare liability action of Samuel Little, deceased. The Court in that matter dismissed the loss of consortium claims as untimely because administrative

1

remedies had not been exhausted. Pursuant to the Court's ruling, Plaintiffs have subsequently complied with the Federal Tort Claims Act ("FTCA") and submitted a Standard Form 95. Subsequent to the filing of Standard Form 95 Plaintiffs' claims were denied on March 12, 2013. After the denial of Plaintiffs' claims for loss of consortium Plaintiffs have complied with the Tennessee Healthcare Liability Act by sending out 60-Day Notice of Intent to Sue Letters. Plaintiffs after complying with the FTCA and the Tennessee Healthcare Liability Act file this action and would state unto this Honorable Court as follows:

## PARTIES, VENUE AND JURISDICTION

1. At all times pertinent to this matter Barbara Little and her beloved deceased spouse, Samuel Little, were residents of the State of Tennessee, and legal citizens of the United States of America. Mr. Little was a veteran citizen of the United States of America having served in the United States Army for the period of June 9, 1944 to the date of his Honorable Discharge on December 30, 1945.

2. Mr. Little died while a patient at the Memphis VA Medical Center on January 17, 2012. All medical care, treatment and services provided to Mr. Little pertinent to this matter were at the Memphis VA Medical Center and provided by the medical personnel/staff of said Defendant as set out below and later identified or discovered in the massive medical files, charts and records of Samuel Little maintained by the Defendant's custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3. The above-noted medical care and treatment provides the foundation for the healthcare liability action upon which Samuel Little's Federal Suit, case number 2:12-cv-02228, was filed. Therefore, it is also this medical care and treatment that forms the basis of the

Plaintiffs' Loss of Consortium claim. As the Loss of Consortium claim is derivative of the healthcare liability action filed on behalf of Mr. Little, jurisdiction of this supplemental and derivative claim is proper in the Federal Court.

4. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to its veterans (patients) who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA hospitals. This Defendant, United States of America d/b/a Memphis VA Medical Center owned and operated the medical facility known as Memphis VA Medical Center at Memphis located in Shelby County, Tennessee and engaged in the business of providing medical care and treatment to its veterans (patients) including, Plaintiffs' deceased Samuel Little, by employing and contracting physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff as well as administrative staff. Therefore, any act or omission of medical negligence on the part of the care providers of Samuel Little, as identified in this Complaint and otherwise discovered and identified from the medical files and/or records of Samuel Little, maintained by the Defendant, if they are found to be guilty, should be imputed to the named Defendant, United States of America, United States of America d/b/a Memphis VA Medical Center under the legal theory and/or doctrine of *Respondeat Superior* based on the employee, servant, agent and representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center. Defendants may be served with service of process as directed on the Summons issued in this Cause.

5. All medical care and treatment applicable to the primary cause of action to which this claim is derived against the named Defendant, their agents, servants, employees and

representatives being the care providers of Samuel Little occurred at the Memphis VA Medical Center in Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants and representatives of the United States of America d/b/a Memphis, VA Medical Center independently and upon agreement and contract with the Defendant, United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiffs further allege that an agency relationship existed between all of the care providers of Samuel Little at the Memphis VA Medical Center with the named Defendant in their duties and responsibilities as the care providers of the veterans (patients) based on the employees, agents, servants, and representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Samuel Little, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory and/or doctrine of *Respondeat Superior*.

7. This Court's venue and jurisdiction is proper based on the original and exclusive jurisdiction conferred by the Federal Tort Claims Act over the primary cause of action filed on behalf of Samuel Little in case number 2:12-cv-02228. Therefore, as a derivative action arising from the same facts and circumstances of case number 2:12-cv-02228 this Court has jurisdiction over this cause of action. Additionally, this is a FTCA claim arising from acts of medical negligence that occurred in Memphis, Shelby County, Tennessee. Therefore, this Complaint is filed pursuant to the Federal Tort Claims Act, Section 1346(b) *et seq*, Title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of this notice of final denial as shown by the date of this letter [section 2401(b), Title 28 United States Code].

Plaintiffs' loss of consortium claim was denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C. on March 12, 2013.

8. Plaintiffs allege that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, United States Code Section 1346(b) *et seq* and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq.*

9. Plaintiffs are exercising their rights to file suit in accordance with FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiffs have also complied with state law requirements for commencing a Healthcare Liability action by having fully complied with the Tennessee Healthcare Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleadings with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Carolyn Burdette who did the mailing. Additionally, pursuant to T.C.A. 29-26-121 the Affidavit of the Private Process Server is attached. Pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is attached.

11. Plaintiffs, would further show that the kind of injuries sustained by Mr. Little were foreseeable and preventable and would not have occurred except for the acts and omissions of negligence on the part of the named Defendant, their agents, servants, employees and representatives in their individual and joint medical care and treatment of Samuel Little as set out herein.

12. This is a Complaint for the derivative claim of Loss of Consortium based on the Healthcare Liability Action filed on behalf of Samuel Little, case number 2:12-cv-02228, which

alleges acts of medical negligence on the part of the named Defendant, their agents, servants, employees and representatives, being the care providers of Samuel Little, at the Memphis VA Medical Center at Memphis, Shelby County, Tennessee, resulting in the personal injuries, and the deterioration of health that would not have otherwise occurred if not for the negligence on the part of the care providers more fully set out in this Complaint.

## FACTS

13. On August 23, 2009, Mr. Little presented to the Memphis VA Medical Center ER Ambulatory Care Unit with the chief complaint noted as shortness of breath. A chest x-ray with two views (PA & LA) was ordered. The initial read of the chest x-ray was negative/unremarkable. From a review of the medical records provided, it appears the chest x-ray was ordered by Dr. Tammie M. Tucker-Moore. Other care providers for Mr. Little were documented as Dr. Suresh Kari (Staff Physician), Rhonda Pettis, R.N. and Linda C. Fletcher, L.P.N.

14. On August 24, 2009, Dr. Bina Rao re-read the chest x-ray of August 23, 2009 and noted "chronic interstitial changes are seen in the left lung base… since last exam from December 2008 a poorly marginated nodular opacity is seen in the right lower lung overlying the anterior fifth rib on the right… Recommend CT of the chest to evaluate for a small intraparenchymal nodule in this area." His impression was that there was an abnormality and it required further attention.

15. The records provided for review do not show any documentation that Dr. Rao or the Radiology Department ever notified the ER physician, Primary Care Provider or any other treating physician/care provider of Mr. Little regarding his "verified and/or over-read report and recommendation for CT." Plaintiffs contend the care provided to Mr. Little at this ER visit is a

breach of the standard of care in Memphis, Shelby County, Tennessee constituting medical negligence and is a causative and/or contributory factor of the delayed diagnosis of Samuel Little which ultimately led to the premature death of Samuel Little. Samuel Little was diagnosed with lung cancer on January 9, 2011 and died on January 17, 2011.

16. On, January 6, 2010, Mr. Little had a follow-up appointment with the Geri-1 clinic, set by Dr. Jeffrey Brint, M.D., Mr. Little's primary care physician, which pursuant to allowable VA Medical Center procedures and protocols was allowed to be conducted by Resident, Marnie Hevrdeys, PharmD and Nathan Rawls, PharmD (Attending and Clinic Pharmacy Specialist). During this appointment Mr. Little's records and medications were reviewed. However, there was no documented discussion of Dr. Rao's verified and/or over-read report of the chest x-ray performed August 23, 2009.

17. At the time of treatment on January 6, 2010, Dr. Brint did not review or co-sign this visit. The medical records for this visit show Stephanie L. Terrell, R.N., as the assigned outpatient nurse for Mr. Little. Plaintiffs contend the care provided to Mr. Little for this visit was a breach of the standard of care in Memphis, Shelby County, Tennessee, constituting medical negligence and is a causative and/or contributory factor of the delay in diagnosing Mr. Little's lung cancer until January 9, 2011, which ultimately led to Mr. Little's premature death on January 17, 2011.

18. On March 16, 2010 there was a phone request for a medication refill for Mr. Little. Dr. Brint and Dr. Rawls both signed acknowledgement of this request. Dr. Brint should have reviewed Mr. Little's entire medical chart and records at this point in time and if Dr. Brint had done so he would have seen Dr. Rao's radiology report of August 24, 2009 stating "abnormality, attention needed, and CT recommended." Plaintiff contends the care provided to

Mr. Little for this visit was a breach of the standard of care in Memphis, Shelby County, Tennessee, constituting medical negligence and is a causative and/or contributory factor of the delayed diagnosis of Mr. Little's lung cancer which ultimately led to his premature death.

19. Mr. Little's continued care and treatment at the Memphis VA Medical Center without any one of Mr. Little's care providers noting concern for cancer or recommending a CT study of his lungs.

20. In the medical records provided for review, there is the notation that Mr. Little was admitted on January 1, 2011 for complaints of severe pain in the right hip and knee for several days. The admitting diagnosis was "lytic lesions-bone, suspicious for malignancy; presumed primary is lung cancer with metastasis to bones."

21. At the time of his admission, it is noted Mr. Little has a scaly lesion on left side of his nose. A biopsy of the right iliac bone mass was ordered and performed successfully on January 4, 2011. Mrs. Little signed the consent for said procedure. The findings of the biopsy were scant minute clusters of epithelial cells with bland cytomorphology and without associated connective tissue.

22. It is further stated in the biopsy report that if the epithelial cells are truly obtained from the bone lesions, this represents a metastatic adenocarcinoma. Possible primary sites include but are not limited to the lung and upper GI tract.

23. The attending note by Dr. Brint dated January 9, 2011 states Mr. Little was seen in follow-up by the providers in the outpatient clinic. Dr. Brint transferred Mr. Little to PCU on January 5, 2011 and continued to treat as the PCU attending physician in the absence of the PCU medical director. The following was also noted in the medical records of Mr. Little, "Today I informed Mrs. Little of the bone biopsy results (adenocarcinoma) which was reported Friday."

Additionally, it is noted that Mrs. Little, in a bedside discussion, was informed that the lung nodule's presence made the most probable diagnosis lung cancer with multiple metastases.

24.     Dr. Brint further documented that he explained to Mr. Little's family that the record review of Mr. Little's file contained an abnormal chest x-ray from August 23, 2009 performed in the ER of the Memphis VA Medical Center during the investigation of a COPD exacerbation.

25.     Although pneumonia was correctly excluded that day, upon formal review of the chest x-ray the radiologist noted an ill-defined haziness "shadow" in the right lung and recommended a CT scan of the chest to exclude a small nodule (i.e. mass/tumor) which recommendation was not followed-up on and a CT scan was not ordered.

26.     Dr. Brint further notes that because Mr. Little's current lung mass is in the same location, it is likely that an opportunity was missed for earlier detection of his probable adenocarcinoma of the lung. Additionally, Dr. Brint documented that he told Mr. Little's family that there was a good chance Mr. Little would have qualified for chemo therapy or XRT and earlier treatment may have prevented or postponed his current bone metastases.

27.     Dr. Brint documented "our discovery of the problem has been reported to the VAMC administration and an institutional review would ensue."

28.     Plaintiffs contend that the failure to review Mr. Little's medical chart resulted in the care providers' failure to observe the charting of the abnormal chest x-ray from the August 23, 2009 ER visit. Although pneumonia was correctly excluded that day, upon formal review of the chest x-ray the radiologist noted an ill-defined haziness "shadow" in the right lung and recommended a CT scan of the chest to exclude a small nodule (i.e. mass/tumor) prior to the January 1, 2011 admission. Further, Plaintiffs contend that had the recommended CT scan been

done then Mr. Little's lung cancer would have been diagnosed earlier and he would have received appropriate treatment that would have prolonged his life and/or delayed the metastases to the bone of the cancer. As such, failure to follow-up on the radiologist's recommendation amounts to a breach of the standard of care in Memphis, Shelby County, Tennessee constituting medical negligence and is a causative and/or contributory factor in the delayed diagnosis and ultimately the premature death of Samuel Little.

29. Plaintiffs contend that at no time prior to the meeting with Dr. Brint on January 9, 2011, in which Mr. Little was formally diagnosed with cancer, did Plaintiffs or Mr. Little have knowledge of the cancer and had no reason to suspect cancer. The Plaintiffs and their beloved decedent, Samuel Little were relying on the medical care and treatment provided by the Memphis VA Medical Center.

30. The causes of death listed, on the Tennessee Death Certificate issued on behalf of Samuel Little, were terminal delirium, functional decline, advanced Alzheimer's dementia, right lung mass resulting from lystic lesions, both femurs, and osteoporosis.

31. The demise of Samuel Little on January 17, 2011 is the direct and proximate result of the failure of the Memphis VA Medical Center care providers to follow-up on the recommended CT scan found in the radiologist report dated August 24, 2009, allowing the invasive metastasis of the cancer.

32. Plaintiffs contend that as a direct and proximate result of the medical negligence outlined in this Complaint, Samuel Little, suffered injuries that he would not have otherwise suffered and it is these injuries to Samuel Little from which their claims for Loss of Consortium are derived and include, but are not limited to, loss of filial society, companionship, emotional

support, love, kindness, guidance, and loss of marital society, companionship, emotional support, love, kindness, guidance, and economic support.

## MEDICAL NEGLIGENCE

33. Plaintiffs aver that the Defendant, United States of America, and United States of America d/b/a Memphis VA Medical Center and said Defendant's employees, agents, servants, and representatives being the care providers of Samuel Little at Memphis VA Medical Center to include, but not limited to, the identified care providers in this Complaint, Dr. Tammie m. Tucker-Moore, Dr. Suresh Kari, Rhonda Pettis, R.N., Linda C. Fletcher, L.P.N., Dr. Bina Rao, Dr. Jeffrey Brint, Marnie Hevrdeys, PharmD, Geri-1 Clinic, Dr. Nathan Rawls, Stephanie Terrell, R.N., VA Radiology Department, technicians, and as otherwise may be determined or discovered from the massive medical records of Samuel Little maintained by the Defendant, United States of America d/b/a Memphis VA Medical Center, are guilty of the following acts and omissions of medical negligence which said acts and omissions are the direct and proximate cause of the events and circumstances resulting in the personal injuries, deterioration of health and ultimately the premature death of Samuel Little on January 17, 2011, that would not have otherwise occurred and give rise to Plaintiffs' Loss of Consortium claims for which Plaintiffs seek relief:

a) Failure to properly and timely evaluate the presenting complaints and symptoms of Samuel Little;

b) Failure to provide the appropriate medical care and treatment to Samuel Little as presented for treatment;

c) Failure to timely communicate the discovered abnormality of the chest x-ray on or about August 24, 2009 to the care providers of Samuel Little;

d) Failure to timely communicate the discovered abnormality of the chest x-ray on or about August 24, 2009 to Samuel Little;

e) Failure to conduct the recommended course of treatment found in the radiologist report of August 24, 2009;

f) Negligently treating Samuel Little on or about January 6, 2010, particularly failing to review Mr. Little's chart and see the abnormal read of the radiology study performed on August 23, 2009, and the recommended follow-up radiological studies as noted in the August 24, 2009 radiology report based on the August 23, 2009 chest x-ray;

g) Negligently treating Samuel Little on or about March 16, 2010, particularly failing to review Mr. Little's chart and see the abnormal read of the radiology study performed on August 23, 2009, and the recommended follow-up radiological studies as noted in the August 24, 2009 radiology report based on the August 23, 2009 chest x-ray;

h) Negligently failing to review the entire medical file of Samuel Little during the course of his treatment from August 23, 2009 until the delayed diagnosis of cancer on or about January 9, 2011;

i) Negligently causing and/or creating the chain of events and circumstances resulting in the over-whelming invasive metastasis of the cancer;

j) Negligently causing and/or creating the reduction of the life-expectancy of Samuel Little and his premature death on January 17, 2011;

k) Negligently causing and/or creating the chain of events and circumstances resulting in the delayed diagnosis and delayed treatment of Samuel Little;

l) Negligently supervising the medical care and treatment of Samuel Little;

m) Failure to exercise and possess the reasonable degree of medical expertise, skill and training as required by Mr. Little's condition that other medical care providers in Memphis, Shelby County, Tennessee under like or similar circumstances are required to exercise and possess;

n) Negligently becoming the direct and proximate cause of the personal injuries and deterioration of health resulting in the premature death of Samuel Little on January 17, 2011 and

o) Failure to prevent further harm and injury to Samuel Little.

## INJURIES AND DAMAGES

34. As a direct and proximate result of the medical negligence inflicted upon Samuel Little, by Defendant, United States of America and United States of America d/b/a Memphis VA Medical Center, and said Defendant's employees, agents, servants, and representatives being the care providers of Samuel Little to include, but not limited to, the identified care providers in this Complaint, Dr. Tammie M. Tucker-Moore, Dr. Suresh Kari, Rhonda Pettis, R.N., Linda C. Fletcher, L.P.N., Dr. Bina Rao, Dr. Jeffrey Brint, Marnie Hevrdeys, PharmD, Geri-1 Clinic, Dr. Nathan Rawls, Stephanie L. Terrell, R.N., VA Medical Center Radiology Department, technicians, and as otherwise may be determined or discovered from the massive medical records of Samuel Little maintained by the Defendant and others not yet known or identified from the medical records and that may be identified later, as set out above, Plaintiffs derive their Loss of Consortium claims including the following injuries and damages for which they seek recovery:

a) Emotional pain and suffering;

b) Loss of filial affection;

c) Loss of filial society;

d) Loss of filial companionship;

e) Loss of filial guidance;

f) Loss of filial emotional support;

g) Loss of filial kindness

h) Loss of marital affection;

i) Loss of marital society;

j) Loss of marital companionship;

k) Loss of marital guidance;

l) Loss of marital emotional support;

m) Loss of marital kindness;

n) Loss of marital economic support.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, file suit for their loss of consortium with their beloved Samuel Little against the Defendant, United States of America and United States of America d/b/a Memphis VA Medical Center, and said Defendant's employees, agents servants, and representatives being the care providers of Samuel Little at Memphis VA Medical Center to include but not limited to the identified care providers in this Complaint, Dr. Tammie M. Tucker-Moore, Dr. Suresh Kari, Rhonda Pettis, R.N., Linda C. Fletcher, L.P.N., Dr. Bina Rao, Dr. Jeffrey Brint, Marnie Hevrdeys, PharmD, Geri-1 Clinic, Dr. Nathan Rawls, Stephanie L. Terrell, R.N., VA Medical Center Radiology Department, technicians and as otherwise may be determined or discovered from the massive medical records of Samuel Little maintained by the Defendant, United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records identified, as stated above for

compensatory damages in the amount of $2,500,000.00 (two million five hundred thousand dollars).

## DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiffs demand a jury to try the factual issues in this Case when joined.

Respectfully submitted this 11 day of September, 2013,

s/ Louis P. Chiozza, Jr.
Louis P. Chiozza, Jr., BPR # 8871
Attorney for Plaintiffs
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103
Office: (901) 526-9494
Fax: (901) 526-9970
Email: Lou@chiozzalaw.com